Filed 5/1/13  P. v. Fisher CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C068360 |
| v. | (Super. Ct. No. CR028039) |
| TIMOTHY FISHER, | |
| Defendant and Appellant. | |

Defendant Timothy Fisher appeals his conviction for felony vandalism and the state prison sentence imposed for that conviction.  He contends the trial court did not preserve a record adequate for appellate review, in that the record does not contain the written jury instructions.  Next, he contends the trial court committed reversible error in failing to instruct the jury that felony vandalism requires damage of over $400.  Even assuming the court erred in the instructions given, on the evidentiary record before us, we find the instructional error harmless under *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705].  With regard to his sentence, defendant contends, under the principles of equal protection, the October 1, 2011, amendments to Penal Code section 1170 must be given retroactive effect, and accordingly he must be sentenced to county jail rather

1

than state prison.[1]  Based on our decision in *People v. Lynch* (2012) 209 Cal.App.4th 353, we reject this contention as well.

BACKGROUND

Defendant was charged with felony vandalism.  (§ 594, subd. (a).)  The complaint specifically alleged defendant had defaced Alana Davey's vehicle, "the amount of said damage being over $400."

In August 2010, defendant was standing next to a 2007 Honda Civic, scratching paint off the trunk with sandpaper.  He whistled to get Lassen County Sheriff's Deputy Matthew MacFarland's attention.  MacFarland came over, examined the car and noted the damage to the trunk lid.  Defendant acknowledged the car was not his and MacFarland arrested him for vandalism.

Alana Davey, the owner of the car, took it to Bear's Repair for an estimate and repairs.  Michael Moser, the owner of Bear's Repair, estimated the repairs would cost $810.53.  The insurance company adjuster estimated the necessary repairs at $451.81.  This estimate did not include all of the repairs Moser suggested.  Moser made the $810.53 in repairs to the car and the insurance company covered $451.81 of the repairs.

At the time of the offense, defendant was new to the area and had no place to stay.  He intentionally sanded the paint off the car and summoned the police, as a "self-imposed arrest."  He hoped by going to jail, he would have stable housing and be placed in a work release program.  This incident was the latest in "an extended series of self-imposed arrests" committed by defendant.  Defendant disputed the cost to repair the car, stating, "I specifically dispute $810 damage, just making it a felony.  I think that's been exaggerated a little bit here."

---

[1]  Undesignated statutory references are to the Penal Code.

On the issue of the amount of damage to the car, in closing argument, the People argued, "What we have is the elements of the crime. The defendant maliciously destroyed property that did not belong to him. The last element is the damage must be over $400 to be a felony. Without a doubt it's at least $451. We heard testimony the damage was $851 . . . . He maliciously took the sandpaper and scratched the back end of [the victim]'s vehicle and it cost her over $400 to have it fixed." Defense counsel argued only that defendant had "a disagreement with the amount of damages." He also argued defendant had vandalized the car out of "necessity." In rebuttal, the People noted defendant had not produced any evidence to dispute the amount of damage to the vehicle.

The court instructed the jury on the elements of vandalism as follows: "In order to prove the defendant is guilty of this crime the People must prove the defendant maliciously damaged the personal property of another. Two, the defendant did not own the property. Someone acts maliciously when someone does wrongful acts he or she knew were unlawful to annoy someone else with graffiti or otherwise disfigure or mark it. If you find the defendant guilty of vandalism you must then decide the People have proved the defendant caused damage. The People have the burden of proof beyond a reasonable doubt." The jury was not orally instructed with CALCRIM No. 2901 that the amount of damage to the vehicle had to be greater than $400.

The court also stated it would provide the jury with written instructions. The jury instruction packet was not included in the record on appeal. There is no indication in the record what written instructions were given to the jury. Based on the stipulated settled statement, neither the attorneys nor the judge has an independent recollection of what specific written jury instructions were provided to the jury.

The jury found defendant guilty of felony vandalism. Defendant was sentenced to the midterm of two years, and awarded 506 days presentence custody credits.

3

DISCUSSION

# I

### *Adequate Record*

Defendant's initial contention is that without copies of the written jury instructions, meaningful appellate review is not possible. He argues we must reverse, as it is impossible to assess the prejudice caused by the omitted oral instructions. We disagree.

Under both the state and federal law, a defendant is only entitled "to an appellate record 'adequate to permit [him or her] to argue' the points raised in the appeal. [Citation.] . . . The defendant has the burden of showing the record is inadequate to permit meaningful appellate review. [Citation.]" (*People v. Harris* (2008) 43 Cal.4th 1269, 1280.)

On the record before us, we cannot determine whether the jury was given the written CALCRIM No. 2901, specifically instructing the amount of damage had to be greater than $400. However, the record does not preclude defendant from arguing instructional error or prevent us from reviewing the matter for prejudicial error. For purposes of this review, we will assume the written CALCRIM No. 2901 was not given to the jury, and review the error accordingly.

# II

### *Instructional Error*

Defendant argues if the record is sufficient for meaningful review, the instructional error was a structural defect that is reversible per se. We disagree.

When an instructional error improperly omits an element of an offense, it does not generally constitute a structural defect in the trial mechanism that automatically requires reversal. Rather, as long as the error did not wholly withdraw substantially all of the elements from the jury's consideration or so vitiate the jury's findings so as to deny

4

defendant a jury trial, the error is subject to harmless error review under *Chapman, supra,* 386 U.S. at p. 24. (*People v. Mil* (2012) 53 Cal.4th 400, 415.)

Under the harmless error standard, "[a] trial court's failure to instruct the jury on an element of the crime requires reversal when 'the defendant contested the omitted element *and* raised evidence sufficient to support a contrary finding.' [Citation.]" (*People v. Garcia* (2001) 25 Cal.4th 744, 760-761, italics added.) "Our task, then, is to determine 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.' [Citations.]" (*People v. Mil*, *supra*, 53 Cal.4th at p. 417.) It does not.

Here, defendant claims he contested the element that the amount of damage must be over $400 by virtue of his testimony, "I specifically dispute $810 damage, just making it a felony. I think that's been exaggerated a little bit here." Giving this testimony the most liberal possible construction, defendant's statement contests whether the amount of damage was $810. Nothing in this testimony contests that the damage was over $400. Moreover, there is no evidence in this record from which the jury could have rationally found the damage was less than $400. The mechanic testified the damage was $810. The insurance company adjuster estimated the damage at $451, and the insurance company paid that amount on the claim. Nothing in defendant's testimony, or any other evidence, suggests there was not at least $451 of damage to the vehicle. As such, there was no evidence that could rationally lead the jury to a contrary finding. Accordingly, the instructional error was harmless.

### III

### *Equal Protection*

Defendant argues the prospective application of section 1170, subdivision (h)(6), violates equal protection principles. We rejected this equal protection claim in *People v. Lynch*, *supra*, 209 Cal.App.4th 353. "Since the prospective application of the Realignment Act does not affect a fundamental right, is not based on a suspect

5

classification, and advances a rational state interest, it does not violate defendant's right to equal protection of the law." (*Id.* at p. 362.)

DISPOSITION

The judgment is affirmed.


             HOCH       , J.


We concur:


         HULL       , Acting P. J.


         MAURO     , J.